UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRIS HAVENER,
    Plaintiff,

v.     CIVIL ACTION NO. 21-10260-DJC

GABBY G. FISHERIES, INC.,
    Defendant.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR RECONSIDERATION (#58).[1]

KELLEY, U.S.M.J.

I. Introduction.

Plaintiff Chris Havener was injured while working on board defendant's vessel on January 19, 2017, and now seeks monetary damages under the Jones Act, 46 U.S.C. § 30104. (#1.) At the time of the accident, the boat was tied with its stern to a dock and plaintiff was disembarking. *Id.* ¶ 9; #50 at 1-2; #56 at 2. Plaintiff fell from the boat, struck his leg, and fell into the water; he was then brought to a hospital where he was admitted for surgery. (#50 at 1-2; #56 at 2.) An insurance investigator, Jeffrey DuBois, happened to be on site on the day of the accident and took photographs of the scene and interviewed witnesses. (#56 at 2-3.) Several years later, in August 2019, counsel for defendant, Attorney Regan, also took photographs of the vessel. *Id.* at 3; #65 at 3.

---

[1] Although defendant filed a "notice of appeal," Judge Casper entered an order stating that the notice would be treated as a motion for reconsideration and referring it to this court. (#59.)

1

In September 2020, the vessel was altered, so that any photographs taken after the alterations would not show the vessel or area of the accident as they appeared on the day of the accident. *See* #66 at 1. In April 2022, plaintiff filed motions to compel defendant to produce the photographs and interview materials collected by DuBois, and the photographs taken by Attorney Regan (##49, 51); defendant opposed. (#56.) The court allowed the motions. (#57.) Defendant then sought reconsideration, (##58, 65, 68), which plaintiff opposes. (#67.) For the reasons set out below, defendant's motion for reconsideration is allowed in part.

## II. Legal Standard.

Although "the Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration, such motions are typically evaluated pursuant to either Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b)." *Wasson v. LogMein, Inc.*, No. 18-cv-12330, 2021 U.S. Dist. LEXIS 52070, at *10 (D. Mass. Mar. 18, 2021). "[A] motion 'asking the court to modify its earlier disposition of the case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e).'" *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 169 n.9 (1st Cir. 2004) (quoting *Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 24 (1st Cir. 1987)).

A party "can succeed on a Rule 59(e) motion for reconsideration . . . only if they can show that 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" *Capron v. Office of the AG of Mass.*, 944 F.3d 9, 44 (1st Cir. 2019) (quoting *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014)). "Where the district court believes with good reason that it based its initial decision on an 'error of law,' or if its ruling 'patently misunderstood a party' or misapprehended the question before it," it is within "the court's discretion to allow a motion for reconsideration." *IDS Prop. Cas. Ins. Co. v.*

*Gov't Emples. Ins. Co.*, 985 F.3d 41, 51 (1st Cir. 2021) (quoting *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 82 (1st Cir. 2008)).

### III. Procedural Background.

Plaintiff's first motion to compel (#49) sought photographs taken by DuBois and Attorney Regan. (#50 at 2.) Defendant argued that plaintiff had the substantial equivalent of these photographs because it had produced hundreds of "survey" photographs of the vessel taken by an appraiser that showed it before it was altered in 2020. (#56 at 4, 14-16.) Plaintiff countered that the photographs were not substantially equivalent as many did not show the area of the accident or were undated and so did not necessarily show the vessel as it was at the time of the accident. (#50 at 6-7.)

Plaintiff's second motion to compel sought the materials from interviews that DuBois conducted with eyewitnesses on the day of the accident. (#51.) Plaintiff argued that the interviews were conducted more than a year and a half before any anticipated litigation, so that the work product privilege should not apply. (#52 at 4, 5 n.3.) Plaintiff also argued that the interview materials would reflect facts rather than opinions or mental impressions. *Id.* at 8. Lastly, plaintiff claimed that—because more than five years have passed since the accident—the witnesses are now unlikely to remember key facts about the accident. *Id.* at 9. Defendant countered that DuBois conducted interviews on the day of the accident because he anticipated that plaintiff might file a lawsuit under the Jones Act or maritime law. (#56 at 3.) Defendant further stated that plaintiff had not attempted to depose any of the witnesses to the accident, even though they were identified in defendant's initial disclosures, so that it is possible plaintiff could get the substantial equivalent of the interview materials directly from the witnesses. *Id.* at 5, 16.

On May 18, 2022, the court entered an order allowing plaintiff's motions. (#57.) For the motion to compel photographs, the court found that "[e]ven if the pictures are protected by the work product doctrine," plaintiff had substantial need for them and could not find their substantial equivalent without undue hardship. *Id.* The court stated that it did not find persuasive defendant's contention that plaintiff had the substantial equivalent of the photographs. *Id.* As for the motion to compel interview materials, the court assumed that they were privileged under the work product doctrine, but found that they should receive less protection as fact-based work product. *Id.* The court found that plaintiff had a substantial need for them and that their substantial equivalent was not available given the passage of time since the accident. *Id.*

Defendant sought reconsideration, which plaintiff opposed. (##58, 65-68.) The court held a hearing on the motion on July 12, 2022. (#69.) The court ordered defendant to provide copies of the disputed materials for *in camera* review, which defendant provided. *See id.*

## IV. Discussion.

In support of reconsideration, defendant argues that, with regard to the motion to compel photographs: (1) the court improperly shifted the burden to defendant to show that the photographs it produced were the substantial equivalent of the ones it withheld; and (2) plaintiff did not have a substantial need for the photographs because he had their substantial equivalent. (#65 at 2.) Next, as to the motion to compel the interview materials, defendant argues that: (1) plaintiff failed to demonstrate a substantial need for the materials; and (2) plaintiff failed to show he cannot obtain the substantial equivalent through other means. *Id.* at 7. Defendant also disputes that the interview materials are solely fact-based work product. *Id.*

Plaintiff argues that he demonstrated a substantial need for all of the materials, and that he cannot obtain their substantial equivalent without undue hardship. (#67.) With regard to the survey

4

photographs that defendant avers are substantially equivalent, plaintiff claims that none of them show the vessel in the water, tied with its stern to the dock, as it was on the day of the accident. *Id.* at 6. Plaintiff also claims a need for Attorney Regan's photographs on the ground that the vessel was altered after this litigation had commenced, without notice to plaintiff, raising the specter of spoliation. *Id.* at 9.[2]

As the court noted at the July 12, 2022 hearing on the motion for reconsideration, (#69), the court has reconsidered its previous order and finds it appropriate to modify that order for the reasons discussed below.

A. <u>Work Product</u>.

Defendant asserts that all of the materials at issue are protected under the work product doctrine. (#65 at 1.) Plaintiff assumes that the photographs taken by both Attorney Regan and DuBois are protected as work product, (#67 at 4), but disputes that the DuBois interview materials are work product, *id.* at 12.

"The party invoking a recognized privilege has the burden of establishing . . . the existence of that privilege . . . ." *In re Raytheon Sec. Litig.*, 218 F.R.D. 354, 357 (D. Mass. 2003). "As in the case of other privileges, '[t]he party seeking work product protection has the burden of establishing its applicability.'" *Felisberto v. Dumdey*, 541 F. Supp. 3d 142, 147 (D. Mass. 2021) (alteration in original) (quoting *In re Grand Jury Subpoena*, 220 F.R.D. 130, 140 (D. Mass. 2004)).

Under the Federal Rules,

> [o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial **by or for another party or its representative (including the other party's attorney, consultant, surety,**

---

[2] Defendant used three of Attorney Regan's photographs during plaintiff's deposition, therefore the dispute is relevant to seven of his remaining, unproduced photographs. (#50 at 7; #65 at 3.)

5

> **indemnitor, insurer, or agent)**. But, subject to Rule 26(b)(4)[3], those materials may be discovered if:
>> (i) they are otherwise discoverable under Rule 26(b)(1)[4]; and
>> (ii) **the party shows** that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3) (emphasis added). This Rule codifies the Supreme Court's decision in *Hickman v. Taylor*, which likewise suggested that circumstances might require production of certain categories of privileged materials that cannot be obtained elsewhere—for example, written statements of witnesses who are no longer available. 329 U.S. 495, 511-512 (1947); *see In re Raytheon Sec. Litig.*, 218 F.R.D. at 357. Materials prepared by an attorney or a party's representative in anticipation of litigation are therefore "protected from discovery under Fed. R. Civ. P. 26(b)(3) unless the claimant can show a substantial need for [them] and an inability to obtain [their] substantial equivalent without undue hardship." *Sprague v. Dir., Office of Workers' Comp. Programs*, 688 F.2d 862, 870 (1st Cir. 1982). "[C]overage investigations by insurance companies are not *per se* conducted in anticipation of litigation, and a determination as to whether documents generated during such investigations were prepared in anticipation of litigation, as opposed to in the ordinary course of business, should be made on a case-by-case basis." *Felisberto*, 541 F. Supp. 3d at 148 (quoting *Amica Mut. Ins. Co. v. W.C. Bradley Co.*, 217 F.R.D. 79, 83 (D. Mass. 2003)).

Once a privilege has been established, the burden to circumvent it rests on the party seeking the materials. For example, work product might still be discoverable if it is shown to reflect merely facts, rather than opinions or mental impressions *and* if a plaintiff can establish substantial need

---

[3] Federal Rule 26(b)(4) is specific to trial preparation materials related to expert discovery.

[4] Federal Rule 26(b)(1) sets out requirements for discovery that is nonprivileged, relevant, and proportional to the needs of the case.

and the absence of a substantial equivalent for those materials. *See* Fed. R. Civ. P. 26(b)(3). "Most courts distinguish between 'opinion' work product, which includes 'materials that contain the mental impressions, conclusions, opinions, or legal theories of an attorney,' and 'ordinary' work product, which includes everything else that is eligible for protection as work product, and accord greater protection to the former." *In re Grand Jury Subpoena*, 220 F.R.D. at 144 (quoting *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1014-1015 (1st Cir. 1988)). If a requesting party can establish substantial need and the lack of access to a substantial equivalent without undue hardship, the work product doctrine "does not extend to materials that 'contain purely factual statements and do not include any opinions or impressions.'" *Diaz v. Devlin*, No. 16-cv-40039-TSH, 2018 U.S. Dist. LEXIS 56364, at *23-24 (D. Mass. Apr. 3, 2018) (quoting *Stamps v. Town of Framingham*, 38 F. Supp. 3d 134, 145 (D. Mass. 2014)); *see Hickman*, 329 U.S. at 511 ("Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had.").

B.  DuBois Photographs.

Plaintiff assumes that the photographs are protected as work product. (#67 at 4-5, 11.) He argues that defendant should be required to produce the photographs because he has a substantial need for them since they were taken on the day of the accident. *Id.* at 5-6. He claims that he cannot obtain the substantial equivalent because of the modifications to the vessel in 2020 and the passage of time since the accident. *Id.* at 8. Defendant contends that plaintiff has failed to demonstrate substantial need or that he cannot obtain the substantial equivalent where survey photographs and

three photographs from Attorney Regan that have already been produced provide a workable alternative. (#65 at 2-3.)

Work product "privilege protects 'the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.'" *Harrington v. Blue Water Fisheries, Inc.*, No. 17-cv-00455-GZS, 2018 U.S. Dist. LEXIS 156829, at *2 (D. Me. Sept. 14, 2018) (quoting Fed. R. Civ. P. 26(b)(3)(B)); Fed. R. Civ. P. 26(b)(3) (listing an insurer as a party representative). "Courts have generally allowed discovery of photographs and diagrams which were made at the time of an accident because of the inherent inability of a party to reproduce these materials . . . Photographs which are taken at the scene long after the occurrence of the accident may not be the substantial equivalent of photographs which were taken at an earlier date." *Felisberto*, 541 F. Supp. 3d at 152 (alteration in original) (quoting *Le v. Diligence, Inc.*, 312 F.R.D. 245, 247 (D. Mass. 2015)).

In an affidavit submitted in support of defendant's opposition to plaintiff's motion to compel, DuBois stated that, after speaking with the captain of the vessel on the day of plaintiff's injury, "it was determined that the photographs and recorded interviews at issue should be taken in case of future litigation." (#56-1 ¶ 13.) Further, DuBois noted that in his experience, litigation of cases involving injured seamen has increased over the past five to ten years, and stated that a severe injury—such as plaintiff's, which required surgery—often involve questions of liability that are likely to be litigated. *Id.* ¶¶ 5-7. When DuBois spoke with the captain on the day of plaintiff's accident, he learned that plaintiff would be undergoing surgery due to his injuries, and determined that it would therefore be appropriate to conduct recorded interviews with witnesses to the accident, as he believed litigation was likely. *Id.* ¶¶ 9-10. The court accepts DuBois'

representations and finds that the photographs and interview materials were taken in anticipation of litigation.

Having reviewed the survey photographs defendant provided, (#56-2 at 4-26), the court agrees with plaintiff that none show the vessel tied stern to dock, and some show the vessel out of the water.[5] These are not the substantial equivalent of photographs showing the vessel as it was on the day of the accident: in the water and tied to a dock from its stern. The three produced photographs from Attorney Regan do show the vessel tied stern to dock, but they are of very poor quality and only provide a perspective of the stern from the dock. The court has also reviewed the photographs that DuBois took on the day of the accident *in camera*, some of which show the vessel in the water, provide context for where the vessel was docked, and show the area where the accident occurred from the perspective of the deck of the vessel. Having reviewed these three sets of photographs, the court finds that plaintiff has demonstrated a substantial need for and inability to obtain the substantial equivalent of a selection of the DuBois photographs. Defendant is therefore ordered to produce the following photographs to plaintiff:[6]

- Havener, Chris 17-2011 - 1.19.17(1)
- Havener, Chris 17-2011 - 1.19.17(2)
- Havener, Chris 17-2011 - 1.19.17(8)
- Havener, Chris 17-2011 - 1.19.17(9)

---

[5] At the hearing on the motion for reconsideration, defendant offered to assist plaintiff by dating the survey photographs taken closest in time to the accident. (#69.) Defendant shall do so.

[6] The files containing the DuBois photographs are labeled with the number of the photograph appended in parentheses at the end of the filename, for example, "Havener, Chris 17-2011 - 1.19.17(1)." The court uses these filenames to identify specific photographs.

- Havener, Chris 17-2011 - 1.19.17(10)

- Havener, Chris 17-2011 - 1.19.17(11)

The court will not order defendant to produce the remaining photographs, which either do not show the boat at all (Havener, Chris 17-2011 - 1.19.17(3)), or appear to reflect DuBois' opinions and mental impressions rather than mere facts (Havener, Chris 17-2011 - 1.19.17(4) through Havener, Chris 17-2011 - 1.19.17(7)).

C.     DuBois Interview Materials.

As noted in Section IV.B., the court has found that the interview materials are work product. Plaintiff argues that they are fact, rather than opinion, work product and therefore should be afforded less protection. (#67 at 15.) In addition, plaintiff contends that there is no substantial equivalent for these day-of interviews since five years have passed since the accident. *Id.* at 16. Defendant argues that, first, the interview materials are not necessarily fact work product as opposed to opinion work product. (#65 at 7.) Further, defendant claims that plaintiff's decision not to depose witnesses before now should not result in plaintiff being able to avoid the consequences of his poor planning. *Id.* at 9. As grounds for the delay in interviewing witnesses, plaintiff notes that he delayed filing suit because he was waiting for defendant to respond to a demand that he made on May 8, 2019. (#67 at 17.) Defendant never responded; plaintiff filed suit in January 2020. *Id.* In addition, plaintiff notes that many of the witnesses were defendant's employees (in fact, four of the five witnesses DuBois interviewed appear to be defendant's employees), and so were not available for him to interview before he filed suit.

Materials containing "descriptions of the circumstances surrounding the accident from individuals with first hand knowledge of events" have been found to be "unique in that they provide a contemporaneous impression of the facts." *Felisberto*, 541 F. Supp. 3d at 151 (quoting

*City of Springfield v. Rexnord Corp.*, 196 F.R.D. 7, 10 (D. Mass. 2000)). That being said, "courts deny the discovery of an adversary's work product on the basis of substantial need where a party may obtain information through other means." *Bryan Corp. v. ChemWerth, Inc.*, 296 F.R.D. 31, 42 (D. Mass. 2013) (quoting *Clark v. Edison*, No. 09-cv-40040-FDS, 2010 U.S. Dist. LEXIS 92859, at *2 (D. Mass. Aug. 16, 2010)). "Discovery of work product will therefore be denied where the party seeking discovery can obtain the information by taking the deposition of witnesses." *Id.* (quoting *Colonial Gas Co. v. Aetna Cas. & Sur. Co.*, 139 F.R.D. 269, 275 (D. Mass. 1991)). "Neither inconvenience nor expense," including the costs of deposing witnesses, "constitute sufficient cause to find undue hardship." *Id.* at 43 (quoting *Colonial Gas Co.*, 139 F.R.D. at 275).

Even assuming that the interview materials are fact-based work product, where plaintiff has not yet deposed the witnesses whose statements DuBois recorded it is premature to find that plaintiff has demonstrated a substantial need for or lack of a substantial equivalent for the interview materials. For example, plaintiff cannot demonstrate that any of the witnesses cannot recall what happened on the date of the accident when he has never asked them what they remember.

At the July 12th hearing on the motion, plaintiff noted that it may be difficult to locate the witnesses, some of whom live out of state, and defendant offered to assist in making witnesses available. (#69.) Counsel for defendant is ordered to assist plaintiff in coordinating the scheduling of depositions of witnesses who observed the accident, and to provide contact information for them to plaintiff.

D.     Attorney Regan Photographs.

Plaintiff issued a demand letter to defendant in May 2019. (#67 at 17.) Attorney Regan took photographs of the vessel several months later, in August 2019. (#65 at 3.) The court finds

that the photographs were taken in anticipation of litigation and are therefore protected by the work product doctrine.

Plaintiff argues that the photographs are fact, rather than opinion-based work product and should therefore be produced due to his substantial need for the photographs and lack of a substantial equivalent. (#67 at 8, 11.) Defendant does not dispute that Attorney Regan's photographs are fact-based work product. (#65 at 3-4.) The court notes that defendant has already provided plaintiff with three of the photographs during its deposition of plaintiff, though the photographs contained markup made by counsel for defendant. (#65 at 3.)[7]

Having reviewed all of Attorney Regan's photographs *in camera*, the selection of survey photographs provided by defendant (#56-2 at 4-26), and the DuBois photographs *in camera*, the court does not find that plaintiff has a substantial need for or is unable to obtain the substantial equivalent of the seven remaining photographs that Attorney Regan took, particularly in light of the court's conclusion, above, with regard to the DuBois photographs. The court therefore will not order production of the remaining seven photographs taken by Attorney Regan.

## V. Conclusion.

For the reasons discussed above, defendant's motion for reconsideration is ALLOWED in part.

July 18, 2022

/s/ M. PAGE KELLEY
M. Page Kelley
Chief United States Magistrate Judge

---

[7] Defendant has offered to provide plaintiff with clean copies of these three photographs (with markup removed).